## WESTERMAN v. WESTERMAN.

### No. 3833.

Court of Civil Appeals of Texas. Beaumont.
May 22, 1941.

Rehearing Denied June 4, 1941.

Howth & Cruse and Gaston H. Wilder, both of Beaumont, for appellant.

Shivers & Keith, of Port Arthur, for appellee.

O'QUINN, Justice.

Elizabeth Westerman sued her husband, Henry Westerman, for divorce, for the custody of a minor daughter and for maintenance of said minor, and a division of the community property. The case was tried to the court without a jury, and judgment was rendered granting the divorce and awarding the custody of the minor daughter to the plaintiff, and awarded a division of the community property. This appeal by Mrs. Westerman is from that portion of the judgment dividing the property.

The court, in dividing the property, gave to the plaintiff, Mrs. Westerman, the homestead tract, against which there was an indebtedness which was being discharged by monthly payments, and recited in the judgment that in order to equalize the respective shares of the parties in the property divided that the defendant, Henry Westerman, should pay the principal and interest as they accrued on the "real property herein granted unto the plaintiff for a period of twelve months from the date hereof, or until the said plaintiff remarries, whichever is the shorter."

Appellant, Mrs. Westerman, lodges several assignments against that portion of the judgment providing for a cessation of the monthly payments required to be made by the defendant on the indebtedness against the real estate awarded her, if and when she married before the expiration of twelve months from the date of the judgment. On oral presentation of the appeal, and in his brief appellee conceded that the judgment might be reformed and this feature of the judgment be deleted from the judgment. Accordingly we reform the judgment by omitting therefrom that portion providing for a cessation of the monthly payments by appellee, Henry Westerman, on the indebtedness against the real estate (the homestead) award to Mrs. Westerman if Mrs. Westerman should remarry within twelve months after the date of the judgment. As so reformed, the judgment is in all other things affirmed.

The costs of this appeal will be taxed against appellee.